HON. PATRICK H. COLLINS City Attorney, Ogdensburg
We acknowledge receipt of your letter stating that an urban renewal project in your city has been under way with the Urban Development Corporation as the developer and that the Urban Development Corporation has proposed that a building in the project area be renovated to be used for a theater. You state that the city has agreed to participate in the program to the extent of incurring one-third of the cost, up to a maximum of $30,000. You inquire whether the city participation in the cost can be effected, not by expending city funds, but through an agreement to forego receipt of "payments in lieu of taxes" until such time as the maximum dollar amount of participation has been reached. We assume from your question that the Urban Development Corporation now holds title to the property and that it has entered into an agreement with the city to make "payments in lieu of taxes" upon this property.
The New York State Urban Development Corporation Act was adopted as Chapter 174 of the Laws of 1968. It appears in McKinney's Unconsolidated Laws as sections 6251 through 6285. Reference to that act shall be made by means of those section designations. Section 6254 created the Urban Development Corporation and its powers are set forth in section 6255.
Section 6283 of the act provides:
 "§ 6283. Inconsistent provisions of other laws superseded
 "Insofar as the provisions of this act are inconsistent with the provisions of any other law, general, special or local, the provisions of this act shall be controlling."
Section 6252 of the act contains a statement of legislative findings and purposes. The last paragraph of that section states that UDC properties constitute "* * * public uses and public purposes for which public money may be loaned and private property may be acquired and tax exemptions granted * * *."
Section 6272 of the act provides:
"§ 6272. Exemption from taxation
 "The exercise of the powers granted by this act will be in all respects for the benefit of the people of this state, for the increase of their commerce, welfare and prosperity, and for the improvement of their health and living conditions, and will constitute the performance of an essential governmental function and the corporation and its subsidiaries shall not be required to pay any taxes, other than assessments for local improvements, upon or in respect of a project or of any property or moneys of the corporation or any of its subsidiaries, levied by any municipality or political subdivision of the state, nor shall the corporation or its subsidiaries be required to pay state taxes of any kind, and the corporation, its subsidiaries, projects, property and moneys and, except for estate and gift taxes and taxes on transfers, any bonds or notes issued under the provisions of this act and the income therefrom, shall at all times be free from taxation of every kind by the state and by the municipalities and all other political subdivisions of the state."
Section 6255 of the act provides, in part, as follows:
"§ 6255. Powers of the corporation
 "Except as otherwise limited by this act, the corporation shall have power:
* * *
 "(18) Subject to the provisions of any contract with noteholders or bondholders, to consent to the modification, * * * of any * * * contract or agreement of any kind to which the corporation is a party.
* * *
 "(27) Subject to any agreement with noteholders or bondholders, to enter into agreements to pay annual sums in lieu of taxes to any municipality or political subdivision of the state, in respect of any real property which is owned by the corporation or any subsidiary thereof and is located in such municipality or political subdivision." (Emphasis supplied.)
In our opinion, the Urban Development Corporation, subject to any agreement it has with its noteholders or bondholders, may enter into an agreement with a municipality to pay annual sums in lieu of taxes in respect of real property owned by the Urban Development Corporation located in the municipality. If there is such an agreement now in effect, we see no reason why it may not be amended, modified and/or superseded subject, of course, to consent by all parties required to consent to the original agreement and the ordinary applicable provisions of law relating to modifications and amendments of contracts.